**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID MALLIN**<br><br>*Plaintiff,*<br><br>v.<br><br>**FRANK BISIGNANO,**<br>Commissioner of Social Security,<br><br>*Defendant.* | **Case No. 2:24-cv-01518-JDW** |

## MEMORANDUM

Plaintiffs' attorneys take a risk in accepting Social Security disability cases on contingency and deserve compensation that reflects it. But the attorney in this case seeks a de facto hourly rate higher than any judge in this Circuit has deemed reasonable, when nothing about this relatively routine case warrants that distinction. I therefore grant the fee request with a modest reduction.

### I. FACTUAL BACKGROUND

The Social Security Administration denied David Mallin's application for disability insurance benefits. On April 12, 2024, Mr. Mallin filed this case to challenge the final administrative denial with the assistance of his counsel, Joseph Silver. On July 23, 2024, Mr. Silver filed a Request For Review, with a 19-page brief in support. On August 13, 2024, I granted an Uncontested Motion To Remand that the Commissioner of Social Security filed. Mr. Silver then moved for attorney's fees and costs under the Equal Access to Justice

Act for the work he performed in the case up to remand. And after the Administrative Law Judge found on remand that Mr. Mallin was disabled and awarded him past-due benefits in the amount of $163,501.00, Mr. Silver moved for the attorney's fees now at issue pursuant to 42 U.S.C. § 406(b). He asks for 25% of Mr. Mallin's retroactive benefits, amounting to $40,875.25, which is consistent with the fee agreement between Mr. Silver and his client. Mr. Silver performed 27.30 hours of work throughout this case, so his fee request amounts to a de facto hourly rate of $1,497.26. The Commissioner's Response neither supports nor opposes the request.

## II. LEGAL STANDARD

The Social Security Act provides that when a disability claimant is successful in federal court, a court may authorize payment of reasonable attorney's fees not to exceed 25% of any past due disability benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Even when the fee does not exceed the 25% boundary, a court must still evaluate whether the fee sought is "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The reasonableness inquiry properly considers: (1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case, creating a windfall. *Id.* at 808. A district court's fee determination may also factor in "the primacy of lawful attorney-client fee agreements." *Id.* at 793. The attorney seeking the fee award has the burden to prove the request is reasonable. *Id.* at 807, n.17.

## III. DISCUSSION

Mr. Silver requests $40,875.25 in attorney's fees, which represents 25% of Mr. Mallin's retroactive benefits pursuant to their attorney-client agreement. For 27.30 hours of work, this fee request amounts to a de facto hourly rate of $1,497.26. The first three reasonableness factors under *Gisbrecht* weigh in favor of the requested award. Mr. Silver undertook risk by pursuing this case on a contingency basis. He achieved a large award in past-due benefits for his client and is not responsible for any delay in this case. However, the hourly rate requested is higher than any court in this Circuit has found reasonable under similar circumstances. Though he has the burden to prove his fee request is reasonable, *Gisbrecht*, 535 U.S. at 807, n.17., Mr. Silver does not point to any case in this Circuit with an equivalent or higher de facto hourly rate, and my independent review found none.

The case that comes closest to approving a de facto rate as high as the one in this case is *Jones v. Bisignano*, 20-cv-12116, 2025 WL 2300722, at *1 (D.N.J. Aug. 8, 2025). In that case, a Magistrate Judge in the District of New Jersey approved a de facto hourly rate of $1,412.19. But the plaintiff's counsel in that case sought only 12.5% of a large award, far below the 25% maximum, and the time to favorably resolve the case totaled more than five years. *Id.* Mr. Silver's representation of Mr. Mallin in federal court spanned only four months and 27.30 hours of work before I granted the Commissioner's remand motion. Much like in *Andrew B. v. Bisignano*, No. 24-CV-3413, 2025 WL 3442900, at *2 (E.D. Pa.

Dec. 1, 2025), Mr. Silver drafted a boilerplate complaint and a 19-page brief, then did not file any additional documents except for motions for attorney's fees. I therefore find that the high-water hourly rate requested in this straightforward case is unwarranted. A slight downward adjustment is appropriate.

I will reduce Mr. Silver's total fee award to 20% of the total past-due benefits for an award of $32,700.20 The de facto hourly rate after this reduction is $1,197.81, which remains on the high end of recently approved § 406(b) awards in this Circuit. *See H. S. v. Bisignano*, No. 24-CV-5117, 2026 WL 554745 (E.D. Pa. Feb. 27, 2026) (collecting cases).

## IV. CONCLUSION

Mr. Silver's requested fee is not reasonable, but a slight reduction makes it so. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 23, 2026